UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                              Case No. 3:19-cr-137

vs.

BOYD D. JACKSON,                   District Judge Walter H. Rice
                                                   Magistrate Judge Michael J. Newman

    Defendant.

_____

**ORDER: (1) GRANTING DEFENDANT'S UNOPPOSED MOTION TO REFER DEFENDANT FOR AN EVALUATION TO DETERMINE HIS MENTAL COMPETENCY TO STAND TRIAL; (2) GRANTING THE GOVERNMEN'T ORAL MOTION TO REFER DEFENDANT FOR AN EVALUATION TO DETERMINE SANITY AT THE TIME OF THE OFFENSE; (3) REFERING DEFENDANT TO DR. MASSIMO DEMARCHIS PSY.D. FOR SUCH EVALUATIONS; (4) DIRECTING DEFENSE COUNSEL TO MAKE ARRANGEMENTS WITH DR. DEMARCHIS FOR THE EVALUATIONS; AND (5) DIRECTING THAT PAYMENT FOR SUCH EVALUATIONS BE MADE BY THE DEPARTMENT OF JUSTICE**
_____

This criminal case came before the undersigned for an initial appearance on October 2, 2019. Prior to the initial appearance, Defendant filed a notice suggesting that Defendant was found incompetent to stand trial in 2015 by the Butler County, Ohio Court of Common Pleas. *See* doc. 98. In conjunction with that notice, Defendant requested that Defendant be referred for a competency evaluation under 18 U.S.C. § 4241(a).

Defendant's attorney, during the initial appearance, also notified the Court of Defendant's intent to assert an insanity defense and the Court anticipates the filing of the notice required by Fed. R. Crim. P. 12.2. In light of counsel's notification in that regard, the government orally moved for an examination under 18 U.S.C. § 4242.

Based upon representations of Defendant's attorney and the evidence submitted in conjunction with Defendant's notice (doc. 98-1), the Court finds reasonable cause to believe that

Defendant may suffer from a mental disease or defect that rendered him mentally incompetent at the time of the offense and, further, which may render him mentally incompetent to presently stand trial.

Accordingly, the Court **GRANTS** parties' motions and **ORDERS**, pursuant to 18 U.S.C. §§ 4241(b), 4242, 4247(b) and (c), that Defendant be evaluated by Dr. Massimo DeMarchis, Psy.D for an opinion as to diagnosis, prognosis, and whether Defendant: (1) is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and (2) was insane at the time of the offense charged. *See* 18 U.S.C. § 4247(c). Such evaluation shall be paid for by the Department of Justice.

The Court will contact Dr. DeMarchis and request that he contact defense counsel. Thereafter, the Court **ORDERS** that defense counsel make arrangements directly with Dr. DeMarchis for the evaluation and assist in assuring Defendant's cooperation with the examination. The Clerk shall promptly transmit to Dr. DeMarchis all bond reports, if any, and a complete copy of the pleadings in this case not filed under seal. Defense counsel may provide further materials to Dr. DeMarchis for his review, and copies of any such materials shall be provided to the government. Dr. DeMarchis's report of the examination shall promptly be submitted to the Court and filed under seal.

Insofar as Defendant's speedy trial rights may be implicated, and to the extent the speedy trial date is not tolled pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), after considering the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the ends of justice are served by continuing proceedings in this case so that Defendant can be evaluated, and that such continuance outweighs the best interests of the public and Defendant in

a speedy trial. Failure to continue proceedings pending evaluation of Defendant would result in a miscarriage of justice by requiring counsel for Defendant to prepare a defense without assurance that Defendant is mentally competent. Thus, any applicable speedy trial calculation is **TOLLED** pending a final determination of Defendant's competency.

    **IT IS SO ORDERED**.

Date: October 3, 2019           s/ Michael J. Newman
                                                                     Michael J. Newman
                                                                     United States Magistrate Judge